```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DON EARL JOHNSON,                   )
        Plaintiff,                  )
                                    )   Civ. Action No. 15-13386-PBS
        v.                          )
                                    )
COMMONWEALTH OF MASSACHUSETTS,      )
        Defendants.                 )
```

        <u>ORDER ON MOTION TO REQUEST WAIVER OF MONTHLY FEES</u>
                             May 30, 2017

SARIS, C.D.J.

    Plaintiff Don Earl Johnson initiated this action while in custody of USP Coleman.  By Order dated February 24, 2016, Johnson was permitted to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  <u>See</u> Docket No. 9.  The Court directed the appropriate prison official to withdraw an initial partial payment from his account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full pursuant to 28 U.S.C. § 1915(b)(1)-(2).  <u>See</u> Docket Nos. 9, 10.  The monthly payments are to be sent each time the amount in Johnson's prison trust account (or institutional equivalent) exceeds $10.00.  <u>See</u> 28 U.S.C. § 1915(b)(2).

    Now before the Court are Johnson's motions seeking to waive his obligation to continue making monthly payments towards the filing fee for this action.  <u>See</u> Docket Nos. 45, 50.  In support, Johnson states that he now resides in a halfway house.  Because of his disability, he is not permitted to work and he has no source of income at this time to make payments.

Although Johnson is no longer at USP Coleman, he is nonetheless a "prisoner" within Section 1915(h)'s definition[1] because his confinement at a halfway house is as a result of his criminal violation. See Jackson v. Johnson, 475 F.3d 261, 2007 WL 10728 (5th Cir. Jan. 3, 2007) (plaintiff, a halfway house resident, was a "prisoner" within § 1915(h)'s definition because he was confined as a result of his criminal violation); Asquith v. Dept. of Corr., 186 F.3d 407, 411 (3d Cir. 1999) (halfway houses are institutional confinement similar to prison).

Despite the fact that Johnson is now in a halfway house, he is still obligated to make monthly payments, when funds exist, towards the filing fee for this action. Accordingly, it is hereby Ordered that the motions (Docket Nos. 45, 50) are DENIED.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The in forma pauperis statute defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the term and conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. § 1915(h).